IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NELDA MARTIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| *Defendant*. | § | |

## <u>DEFENDANT ASI LLOYDS'S NOTICE OF REMOVAL</u>

Defendant ASI Lloyds ("ASI") files this Notice of Removal to the United States District Court for the Western District of Texas, Waco Division, and respectfully shows the following:

## I.
## <u>BACKGROUND</u>

1.      This is a first-party insurance coverage case arising from damage allegedly caused by a windstorm to Nelda Martin's ("Plaintiff") residential property on or about May 22, 2024. *See* Ex. B-1, *Plaintiff's Original Petition*, filed December 20, 2024, at 2, ¶ 8-10.

2.      On December 20, 2024, Plaintiff filed suit against ASI in Bell County, Texas. *See Id.* A Citation was requested and issued on December 23, 2024. *See* Ex. B-2.

3.      ASI was served on January 6, 2025. *See* Ex. B-3.

4.      ASI filed a state court answer on January 27, 2025. *See* Ex. B-4.

5.      ASI files this Notice of Removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6.      As required by 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, the following will be attached:

| | |
|---|---|
| Exhibit A: | Index of Matters Being Filed |
| Exhibit B: | Docket Sheet- Case Information Sheet |
| Exhibit B-1: | Plaintiff's Original Petition |
| Exhibit B-2: | Civil Citation |
| Exhibit B-3: | Citation Served |
| Exhibit B-4: | Defendant's State Court Answer |
| Exhibit C: | List of Parties and Counsel |

7.      A copy of this Notice of Removal is also being filed with the Bell County State Court and served upon Plaintiff.

## II.
## BASIS FOR REMOVAL

8.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

### A.  Plaintiff and Defendant are Completely Diverse

9.      Plaintiff is and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Exh. B-1, Pet. at 1, ¶ 2.

10.     Both at the time the lawsuit was originally filed, and at the time of removal, ASI Lloyds is a Texas Lloyds company. "[A] Texas Lloyd's plan is an unincorporated association, and its citizenship is defined by the citizenship of its members." *N. Dallas Lawn Care & Landscape Inc. v. Hartford Lloyds Ins. Co.*, No. 4:16-CV-891-JRG, 2017 WL 2600376, at *2 (E.D. Tex. June

15, 2017); *accord Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (looking to the citizenship of the members of a Lloyd's plan insurance association to evaluate diversity jurisdiction). The Fifth Circuit has held that the membership of a Texas Lloyd's group consists of its underwriters. *Royal Ins. Co. of Am.*, 3 F.3d at 882. ASI's underwriters are individuals. The individual underwriters are as follows: Patrick McCrink, Kellie O'Nuallain, Tanya Fjare, Edwin Cortez, Kevin Turner, Kathleen Sundberg, Heather Day, Charles Conover, John Curtiss Jr., and Jeffrey Hannon. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 798 (2007). McCrink, O'Nuallain, Fjare, Cortez, Turner, and Sundberg are domiciled in Florida. Day, Conover, Curtiss Jr., and Hannon are domiciled in Ohio. Accordingly, ASI Lloyds is a citizen of Florida and Ohio for diversity purposes.

11.    Because Plaintiff is a citizen of Texas and ASI is a citizen of Florida and Ohio, complete diversity of citizenship exists among the proper parties.

**B. The Amount in Controversy Exceeds $75,000.00**

12.    This is a civil action in which the amount in controversy exceeds the jurisdictional threshold of $75,000.00. In determining the amount in controversy, the Court may consider "penalties, statutory damages, and punitive damages." *See St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ray v State Farm Lloyds*, No. 3:98-CV-1288-G,

1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges causes of action for breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practice-Consumer Protection Act (DTPA), and common law fraud. *See* Ex. B-1, Pet. at 6-11.

13.    According to Plaintiff's Petition, she seeks monetary relief over $250,000.00 but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. *See* Ex. B-1, Pet., at 2, ¶ 4.

### III.
### REMOVAL IS PROCEDURALLY CORRECT

14.    ASI files this Notice of Removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See Id*.

15.    Venue is proper in the Court under 28 U.S.C. § 1441(a) because this district and division embrace Bell County, Texas, the place where the removed action has been pending.

16.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, processes, orders, and other filings in the state court are contemporaneously filed with this Court.

17.    Pursuant to 28 U.S.C. § 1446(d), written notice was given to Plaintiff, the adverse party, promptly after ASI filed this Notice of Removal.

18.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of ASI's Notice of Removal will be filed with the clerk of Bell County, Texas.

**IV.**
**CONCLUSION**

Based on the foregoing, the exhibits submitted in support of this Notice of Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant ASI Lloyds hereby removes this case to this Court for trial and determination

Respectfully submitted,

/s/ Matthew J. Kolodoski
Matthew J. Kolodoski
Texas Bar No. 24081963
mkolodoski@thompsoncoe.com
Ryan M. Anderson
Texas Bar No. 24143563
randerson@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:      (214) 871-8209

**COUNSEL FOR DEFENDANT
ASI LLOYDS**

**CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of February 2025, a true and correct copy of the foregoing was delivered to the following via e-service.

Mikal D. Williams
THE HODGE LAW FIRM, PLLC
1301 Market Street
Galveston, Texas 77550
(409) 762-5000
mwilliams@hodgefirm.com

/s/ Matthew J. Kolodoski
Matthew J. Kolodoski
